**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LAWAYNE NATT                                                                                                    PLAINTIFF

v.                                        No. 1:16CV00107 JLH

CALVIN FORD; MICHAEL WHATLEY;
CHAS A. FURR; MICHAEL MORRIS;
MAURICE CULCLAGER; KENNY CANTRELL;
JAMES A. HILL; JERRY HOWARD;
CELENA SPEARS; and ARRIKA NEAL                                                            DEFENDANTS

**OPINION AND ORDER**

LaWayne Natt is an inmate at the Grimes Unit of the Arkansas Department of Correction. He commenced this 42 U.S.C. § 1983 action *pro se* against the defendants for injuries allegedly suffered at the hands of prison security guards and medical staff. Specifically, Natt alleges claims for excessive force, deliberate indifference to his medical needs, failure to protect, assault and battery, and conspiracy to violate his civil rights.

The defendants have moved for summary judgment arguing that Natt has failed to exhaust his claims properly as required by the Prison Litigation Reform Act. The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge Joe J. Volpe and the filed objections. Documents #36, 49. After carefully considering these documents and making a *de novo* review of the record in this case, the Court grants the defendants' motion for summary judgment in part and denies it in part. Document #30.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553,

91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

According to the amended complaint, the incident between Natt and the defendants took place on May 27, 2016. It began when Cantrell questioned Natt regarding a device that was reported stolen. Document #10 at ¶ 4. Eventually, Cantrell ordered Natt to his knees to be placed in hand-restraints. *Id.* at ¶ 7. As Natt was lifted off the ground, he felt the onset of a seizure and informed Ford and Watley. *Id.* at ¶ 8. The amended complaint then states that while "the defendants" were escorting Natt in hand-restraints, Natt had a seizure and became dead weight in the defendants' arms. *Id.* at ¶ 10. When Natt regained consciousness, Ford, Whatley, Howard, Morris, Furr, and Hill were kicking and kneeing Natt's head, body, and legs while Cantrell and Culclager watched without intervening. *Id.* at ¶¶ 11,13. Spears was allegedly standing by and recording the incident with a camera. *Id.* at ¶ 12. Unspecified defendants then carried Natt to the segregation shower by

his shirt-collar and shackles, causing choking and ecchymoses from Natt's left ear to left clavicle. *Id.* at ¶ 15. During his seizure, Natt soiled his clothes, and he was forced to remain in the segregation shower for fifteen minutes without clean clothes or medical attention. *Id.* at ¶¶ 16, 17. In that fifteen minutes, Natt states that he suffered two epileptic episodes, to which the defendants also failed to provide medical attention. *Id.* at ¶ 20. Natt was then taken to the infirmary by wheelchair. *Id.* at ¶ 17. Once at the infirmary, Natt alleges that nurse Neal did not accurately document his injuries. *Id.* at ¶ 19. Natt further alleges that in subsequent days, unspecified defendants refused to take "good quality photos" to document his injuries. *Id.* at ¶ 22. Natt claims that the injuries have resulted in hearing loss, inner-ear nerve damage, and frequent migraines. *Id.* at ¶ 21.

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e(a) to require that inmates exhaust prison grievance procedures before bringing section 1983 suits related to prison conditions. The Supreme Court has explained that the statute's exhaustion requirement means that inmates must exhaust available prison remedies properly. *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006). A prison's remedies are properly exhausted if the inmate complies with the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922-23 166 L. Ed.2d 798 (2007). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*, 127 S. Ct. at 923.

The defendants argue that Natt failed to exhaust the prison's available remedies properly in two distinct ways. First, they contend that Natt did not exhaust his deliberate indifference, failure to protect, and conspiracy claims because he did not raise these claims in a prison grievance.

Second, the defendants contend that Natt did not exhaust his excessive force and assault and battery claims because the grievance in which these claims were included did not specifically name the defendants.

Because a prison's remedial process must be fully exhausted, only grievances that have been properly appealed to the final administrative stage can be form the basis for a section 1983 action. *See King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (holding that the Prison Litigation Reform Act requires prisoners to exhaust available prison procedures by appealing decision to the warden). With the amended complaint, Natt attached three grievances that proceeded through all stages of the grievance procedure: GR-16-00761, GR-16-00843, and GR-16-00844.[1] In Grievance -761, a non-medical or mental health service grievance, Natt complained of being physically assaulted by several officers and left in a cell in soiled clothes. The grievance makes no mention of prison staff failing to intervene or provide medical attention, nor does it allege facts related to the conspiracy claim. The Warden found that the grievance was without merit. In his appeal of Grievance -761, Natt wrote that he disagreed with the outcome "[b]ecause [he] complied [with] all orders and excessive force was still used on [him] even though [he] had a seizure and couldn't control the fact that [he] tensed up." In Grievance -844, Natt further complained of the physical assault described in Grievance -761, but he did so with more specificity as to the individuals involved. The prison Warden and Director considered Grievance -844 to be a duplicate

---

[1] Barbara Williams, the Inmate Grievance Supervisor at the Arkansas Department of Correction, testified by affidavit that Natt fully appealed two accepted grievances during the relevant timeframe: No. GR-16-00761 and No. GR-16-00843. She says that he also appealed one rejected grievance: No. GR-16-00844. Document #30-2.

of Grievance -761.  In Grievance -843, also a non-medical or mental health service grievance, Natt complained that Ford and Howard refused to take additional pictures of his injuries.

Failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, 127 S. Ct. at 921, which means that the defendants bear the burden of proving Natt's failure to exhaust his administrative remedies.  *See Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). None of the grievances that proceeded through all stages of the grievance procedure allege any facts related to the defendants' deliberate indifference to Natt's serious medical needs, nor do any of the grievances allege any facts related to the defendants' failure to protect Natt.  The grievances also fail to allege that the defendants conspired to deprive Natt of his civil rights.  A civil rights conspiracy under 42 U.S.C. § 1985(3) requires Natt to prove at a minimum that the defendants did "conspire."  *See Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).  None of the grievances make any allegation that the defendants conspired.  Thus, Natt did not properly and fully exhaust his administrative remedies with respect to the deliberate indifference, failure to protect, and conspiracy claims.  The defendants' motion for summary judgment as to these claims is granted.

The case law pertaining to the defendants' second argument is less clear.  Although the Supreme Court has said that inmates must properly exhaust their administrative remedies and proper exhaustion is measured according to the prison's procedures, the Eighth Circuit has overlooked procedural defects in certain cases.  *See e.g.*, *Hammett v. Cofield*, 681 F.3d 945, 948 (8th Cir. 2012) (holding that where Missouri prison official decided grievance on the merits even though he could have rejected it for being filed outside the deadline, dismissal of claims for failure to properly exhaust was improper); *see also Parks v. Corizon, Inc.*, 511 F. App'x 588, 589 (8th Cir. 2013) (unpublished per curiam) (holding that Arkansas prisoner properly exhausted his administrative

remedies where prison official decided grievance on the merits even though prisoner's grievance failed to specifically name defendants); *Bower v. Kelley*, 494 F. App'x 718 (8th Cir. 2012) (unpublished per curiam) (same). Under *Hammett*, a procedural defect will not bar a claim if the prison decides a grievance "on the merits," leaving the reviewing court with a "complete administrative record" and "the benefit of the agency's institutional perspective." *Hammett*, 681 F.3d at 947-48. In other cases, the Eighth Circuit has treated similar procedural defects as fatal without reference to whether the prison reached the merits of the grievance. *See e.g., Bryant v. Corizon, Inc.*, 605 F. App'x 586 (8th Cir. 2015) (unpublished per curiam) (agreeing "with the District Court that [prisoner] failed to properly exhaust his administrative remedies because his grievances did not name any of the defendants" as required by Arkansas Department of Correction grievance policy)*; Scott v. Coleman*, 564 F. App'x 267, 268 (8th Cir. 2014) (unpublished per curiam) (same); *Champion v. Akins*, 498 F. App'x 670 (8th Cir. 2013) (unpublished per curiam) (affirming grant of summary judgment in favor of defendants where Arkansas prisoner failed to state in any exhausted grievance how defendants were involved in the incidents, as required by the Arkansas Department of Correction grievance policy); *Jones v. Hobbs*, No. 12-2002 (8th Cir. 2013) (unpublished per curiam) (agreeing "with the district court that [prisoner] failed to exhaust his administrative remedies as to defendants Hobbs and Harris, because he did not name either of them in his grievance papers, as required by the grievance policy of the Arkansas Department of Correction"); *see also Campbell v. Harris*, No. 5:11CV00021-JLH/JTR, 2012 WL 3204912 at *3 (E.D. Ark. Aug. 3, 2012), *aff'd*, 525 F. App'x 522, 523 (8th Cir. 2013).

In *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014), the Eighth Circuit considered an issue similar to the one presented here. There, an Arkansas prisoner alleged in his complaint that a prison

official was deliberately indifferent to his serious medical needs. *Id.* at 1141. The prisoner had been pepper sprayed, and he alleged that the prison official refused to allow him to wash off the pepper spray. *Id.* However, the grievance he filed with the prison failed to name the prison official or allege any facts related to the prison official's involvement in the incident. *Id.* The prisoner relied on *Hammett* in arguing that his claims against the prison official were properly exhausted. The court acknowledged *Hammett*'s holding but concluded that because the grievance did not request the prison to evaluate the prison official's alleged misconduct, the prison did not reach the merits of those claims. *Id.* at 1141-42.

In *Jones v. Bock*, the Supreme Court also considered whether an inmate had exhausted his administrative remedies even though the grievance failed to identify each defendant who was later sued. 549 U.S. at 217, 127 S. Ct. at 922. The Michigan Department of Correction grievance policy did not require an inmate to identify specific responsible parties but instead required only that inmates "be as specific as possible." *Id.* at 218, 127 S. Ct. at 922. The Court concluded that "[n]othing in the MDOC policy itself supports the conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process." *Id.* In so concluding, the Court reiterated its holding from *Woodford* that compliance with prison grievance procedures, as mandated by the Prison Litigation Reform Act, requires that administrative remedies be properly exhausted. *Id.*, 127 S. Ct. at 922-23.

Unlike the Michigan prison policy in *Jones*, the Arkansas Department of Correction grievance policy provides the following:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the

> grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

Document #30-1 at 4-5. Only Grievances -761 and -844 address the remaining claims of excessive force and assault and battery. Neither of these grievances names defendants Ford, Whatley, Furr, Morris, Culclager, Hill, Spears, or Neal as required by the grievance policy. The claims against these defendants must be dismissed for failure to exhaust unless the prison reached the merits of the claims against these defendants. This raises the question of what constitutes a merits decision.

In *Hammett*, the court explained that "[t]he benefits of exhaustion 'include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.'" 681 F.3d at 947 (quoting *Jones*, 549 U.S. at 219, 127 S. Ct. at 923). The court also explained that "an exhaustion requirement protects a correctional institution's authority by compelling inmates 'to give the agency a fair and full opportunity to adjudicate their claims.'" *Id.* (quoting *Woodford*, 548 U.S. at 90, 126 S. Ct. at 2385). Importantly, when these benefits are realized through the prison's merits decision, courts have a complete administrative record and the benefit of the prison's institutional perspective. *Id.* at 947-48.

With respect to Ford, Whatley, Furr, Morris, Culclager, Hill, Spears, and Neal, the Court cannot say that it has a complete administrative record or the benefits of the prison's institutional perspective. As in *Burns*, it is impossible for the Court to know whether the prison evaluated the conduct of these defendants when it reached the merits of Grievance -761. *See* 752 F.3d at 1141-42. Further, the Supreme Court directs courts to look to the prison's policy to define the bounds of proper exhaustion. *See Jones*, 549 U.S. at 218, 127 S. Ct. at 922-23. Accordingly, this Court looks

to the prison's policy to determine whether its decision is on the merits. Here, the grievance policy states that proper investigation depends on the specific identification of all individuals involved. Overlooking the express policy of the Arkansas Department of Correction would deal a sharp blow to the agency's authority. Finally, if Natt's grievance is held to satisfy the exhaustion requirement, nothing prevents future prisoners from vaguely referring to "officers" or "prison staff" in a grievance and then later suing innumerable defendants in a section 1983 action. This situation stands in contrast to the situation in *Hammett*, where the prison's review of the substance of the grievance and the individuals involved was not in question. *See* 681 F.3d at 948; *cf. Waller v. Kelley*, 956 F. Supp. 2d 1007, 1013 (E.D. Ark. 2013) (explaining that *Hammett* only applies where prison officials have disregarded procedural flaws in a grievance and reached the merits of specific claims against specific individuals). The defendants' motion for summary judgment is granted as to Ford, Whatley, Furr, Morris, Culclager, Hill, Spears, and Neal.

The remaining two defendants, Cantrell and Howard, are specifically named in the grievances. Cantrell is named in Grievance -761, and Howard is named in Grievance -844. Although Natt names Cantrell, the grievance does not attribute any misconduct to him. As of the time of the filing of this case, Natt has not properly grieved the misconduct the amended complaint attributes to Cantrell. On the other hand, Natt names Howard and attributes specific misconduct to him in Grievance -844. The defendants' argue that Grievance -844 was not properly exhausted and should not be considered because it was deemed a duplicate of Grievance -761. The defendants' argument proves too much, though. If the prison deemed Grievance -844 a duplicate of Grievance -761, and Grievance -761 was properly exhausted, then the prison has provided a record for the court

that it considered Howard's involvement when it decided Grievance -761 on the merits. Therefore, the defendants' motion for summary judgment is granted as to Cantrell but denied as to Howard.

## CONCLUSION

The defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #30. Summary judgment is granted in favor of the defendants on LaWayne Natt's claims of deliberate indifference, failure to protect, and conspiracy. On Natt's excessive force claim, summary judgment is granted to all defendants except Jerry Howard. This action is again referred to United States Magistrate Judge Joe J. Volpe for disposition or recommended disposition, as appropriate, on all pretrial matters.

IT IS SO ORDERED this 14th day of November, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE